# EXHIBIT A

A6028
91436
DEPT #24
(HON. ROBERT L HESS)

Joseph A. Kaufman, No. 228319
LEMON LAW AID, INC.
117 E. Colorado Blvd., Suite 600
Pasadena, CA 91105
Telephone: 626.219.1648
Facsimile: 626-768-7066
Email: joe@lemonlawaid.com

Attorneys for Plaintiff ROSA MAY

FILED
Los Angeles Superior Court

SEP 20 2016

Sherri R. Carter, Executive Officer/Clerk
By Dawn Alexander, Deputy
Dawn Alexander

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

ROSA MAY, an individual,

Plaintiff,

v.

MERCEDES-BENZ USA, LLC, and DOES 1 through 10, inclusive,

Defendants.

Case No. BC 6 3 4 4 6 5

COMPLAINT FOR RESTITUTION AND DAMAGES

[VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT]

*Assigned for all purposes to the Hon. in Dept.*

Plaintiff ROSA MAY, alleges as follows:

GENERAL ALLEGATIONS

1. Plaintiff is informed and believes, and thereon alleges, that at all times herein defendant MERCEDES-BENZ USA, LLC is and was a limited liability company registered to do business in the State of California and doing business in the County of Los Angeles.

2. The true names and capacities of Does 1 through 10, inclusive, are not known to plaintiff at this time and therefore plaintiff sues those defendants by such fictitious names.

CIV/CASE: BC634465
LEA/DEF#:
RECEIPT #: CCH581620014
DATE PAID: 09/21/16 09:54 AM
PAYMENT: 435.00
RECEIVED:
CHECK:
CASH:
CHANGE:
CARD:

Opt-Out: Not Defined

Plaintiff will amend this Complaint to allege the true names and capacities of such defendants when they are ascertained.

3. Each of the defendants in this case acted as the principal, agent, employee or other authorized representative in relation to the other; all defendants acted at all times mentioned in this Complaint within the course and scope of their respective authority and with the full knowledge and consent of the other defendants. Furthermore, plaintiff is informed and believes, and thereon alleges, that at all acts of corporate employees as hereinafter alleged were authorized or ratified by an officer, director or managing agent of the corporate employer.

4. On or about March 27, 2012, plaintiff purchased a Certified Pre-Owned 2009 MB C300 (VIN WDDGF54X99R055269 (hereinafter referred to as the "subject vehicle").

5. Pursuant to the Song-Beverly Consumer Warranty Act (hereinafter the "Act") Civil Code sections 1790 et seq., the aforementioned subject vehicle constitutes a "new motor vehicle."

6. Plaintiff is a "buyer" of consumer goods under the Act.

7. Defendant MERCEDES-BENZ USA, LLC is a "manufacturer" and/or "distributor" under the Act.

8. Defendant MERCEDES-BENZ USA, LLC offered an "express warranty" to plaintiff pursuant to the Act.

9. The purchase of the aforementioned subject vehicle to plaintiff was accompanied by an implied warranty that the vehicle was merchantable. The sale of the aforementioned subject vehicle was also accompanied by defendant MERCEDES-BENZ USA, LLC's implied warranty of fitness.

10. The subject vehicle has suffered from nonconformity(s) to warranty to, including, but not limited to, airbag, SRS, cam solenoid, and other defects. The foregoing defect(s) and nonconformity(s) to warranty manifested itself within the applicable express warranty period.

11. Plaintiff delivered the aforementioned subject vehicle to an authorized MERCEDES-BENZ USA, LLC service and repair facility for repair of the aforementioned

nonconformity on numerous occasions.

12. Defendant has been unable and/or has refused to conform the subject vehicle to the applicable express and implied warranties under the Act after a reasonable number of attempts. Therefore, the aforementioned nonconformity substantially impairs the use, value and/or safety of the subject vehicle to plaintiff.

13. Defendant MERCEDES-BENZ USA, LLC has an affirmative obligation under the Act to repurchase the subject vehicle and make restitution.

14. Notwithstanding plaintiff's entitlement to a repurchase under the Act and defendant MERCEDES-BENZ USA, LLC's knowledge of that entitlement through MERCEDES-BENZ USA, LLC's internal repair and warranty records, defendant intentionally refused to comply with its obligations under the Act to repurchase the subject vehicle and make restitution.

15. By failure of the defendant to comply with its obligations under the Act to repurchase the subject vehicle and make restitution, defendant is in breach of its obligations under the Act.

16. Plaintiff is entitled to justifiably revoke acceptance of the aforementioned subject vehicle under the Act.

17. Under the Act, plaintiff is entitled to reimbursement of the purchase price paid for the subject vehicle less that amount directly attributable to use by the plaintiff prior to the discovery of the nonconformity.

18. Plaintiff is entitled to all incidental, consequantial and general damages resulting from defendant's failure to comply with its obligations under the Act.

19. Plaintiff is entitled under the Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action.

20. Plaintiff is entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that defendant has willfully failed to comply with its responsibilities under the Act:

WHEREFORE, plaintiff prays for judgment against defendant as follows:

A. For rescission of the contract and restitution of all consideration;

B. For diminution in value;

C. For actual compensatory and general damages according to proof at time of trial;

D. That such actual, compensatory and general damages be doubled and awarded to plaintiff as a civil penalty;

E. For pre-judgment interest from the date of rescission;

F. For attorney's fees incurred herein according to proof;

G. For costs of suit and expenses, according to proof; and,

H. Such other relief the Court deems appropriate.

Date: September 20, 2016

LEMON LAW AID, INC.

By: ______________________
JOSEPH A. KAUFMAN
Attorneys for Plaintiff
ROSA MAY