IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROSA MAY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FIRST MOTOR GROUP OF ENCINO LLC,<br><br>Defendant. | Civil Action No. 18-316-CFC |

R. Karl Hill, SEITZ VAN OGTROP & GREEN, P.A., Wilmington, Delaware; Joseph A. Kaufman, Joshua M. Ullman, LEMON LAW AID, INC., Pasadena, California

*Counsel for Plaintiff*

Somers S. Price, Jr., POTTER ANDERSON & CORROON LLP, Wilmington, Delaware; Jon D. Universal, UNIVERSAL & SHANNON, LLP, Roseville, California

*Counsel for Defendant*

**MEMORANDUM OPINION**

January 11, 2019
Wilmington, Delaware

CONNOLLY, UNITED STATES DISTRICT JUDGE

Presently before me is the Motion to Remand and for Fees and Costs for Improper Removal filed by Plaintiff Rosa May. D.I. 21. By her motion, May seeks both the remand of this case to the Superior Court of California and an award of costs and attorney fees from Defendant First Motor Group of Encino LLC ("First Motor") under 28 U.S.C. § 1447(c). First Motor opposed remand of the case and an award of costs and attorney fees in the first instance, D.I. 25, but it has now withdrawn its opposition to remanding the case. D.I. 30. Thus, the only disputed question before me is whether May is entitled to recover costs and attorney fees under § 1447(c). Because I find that First Motor did not lack an objectively reasonable basis for seeking removal, I will deny May's request for costs and attorney fees.

## I.  BACKGROUND

On March 27, 2012, May purchased a used Mercedes-Benz car from First Motor in Encino, California. The car was equipped with airbags manufactured by Takata Corporation, a Japanese company.

In September 2016, May filed a law suit in the Superior Court of California against Mercedes-Benz USA, LLC ("MBUSA"), the warrantor and distributor of the car she purchased from First Motor (the "MBUSA Action"). May alleged in

her complaint in the MBUSA Action that her car "suffered from nonconformit[ies]" that included a defective airbag in violation of California's Song–Beverly Consumer Warranty Act. D.I. 22-1, Ex. A ¶¶ 5, 10.

In June 2017, May sought leave to amend her complaint in the MBUSA Action by adding First Motor as a co-defendant. May argued in papers filed in support of her request for leave to amend that because:

> the [proposed] claims against [MBUSA] and First Motor [ ] involve the [same] breach of the express and implied warranties of the same vehicle, there is no purpose to be served by forcing plaintiff to file a new separate action against defendants based on the same breach and damages.

D.I. 25–1, Ex. B at 4. The Superior Court denied May's request to amend her complaint in August 2017.

By the time the Superior Court had denied May's request to add First Motor as a defendant in the MBUSA Action, Takata Corporation's wholly-owned U.S. subsidiary, TK Holdings Inc., and certain other related entities (collectively, "Takata") had filed for bankruptcy. *See In re TK Holdings Inc.*, No. 17-11375-BLS (the "Bankruptcy Case"). In July 2017, Takata filed in the Bankruptcy Case an Adversary Complaint and Motion for Preliminary Injunction Pursuant to 11 U.S.C. § 105(a), seeking to stay all actions with claims "arising out of or relat[ed] to [Takata's] airbag inflators . . . ." *See In re TK Holdings, Inc.* (Adversary Proceeding), No. 17-50880-BLS, Dkt. No. 1 at 2. Takata's stay motion identified

2

the MBUSA Action as one of the pending actions for which it sought a stay. May was served with the motion but, unlike other claimants, did not oppose the stay motion.

On August 16, 2017, the presiding judge in the Bankruptcy Case, the Honorable Brendan L. Shannon, granted Takata's stay motion in part (the "Takata Injunction"). *See* D.I. 25–1, Ex. C. With two exceptions not relevant here, the Takata Injunction stayed through November 15, 2017 all "Individual Actions," which the Takata Injunction defined as "lawsuits brought by individuals or entities in the United States or Canada, alleging claims and/or causes of action against the Debtors . . . and/or Consenting OEMs arising out of or relating to airbag inflators manufactured by Takata." *See id.* at 2, ¶ C. The court held in the Takata Injunction order that the court had "related-to jurisdiction" over the claims brought in the Individual Actions against "non-Debtor defendants" and "Consenting OEMs." *Id.* at 3, ¶ E.

In September 2017, MBUSA removed the MBUSA Action to the United States District Court for the Central District of California. In November 2017, the Bankruptcy Court extended the Takata Injunction through February 27, 2018. *See id.*, Ex. D.

On December 18, 2017, Judge Shannon held oral argument on a motion brought by a car owner named Joseph Graves to lift the automatic stay imposed

3

pursuant to 11 U.S.C. § 362(d)(1) and allow Graves to pursue claims against the dealership that sold him a Mercedes Benz-designed vehicle with Takata airbags. In denying the motion, Judge Shannon stated:

> [A]s a practical matter this is the sort of litigation that the court[']s injunction was intended to stay for the primary fact that[] . . . as a practical matter I cannot fathom how this litigation would meaningfully go forward without involving Mercedes Benz who is a beneficiary or a protectee of the court's injunction and, frankly, then immediately ticking over to litigation against [Takata].
>
> . . . .
>
> It would seem to me almost inevitable that it would fall within the scope either of the automatic stay or the court's injunction.

*See* D.I. 25–1, Ex. F at 12:24–13:19; *see also id.*, Ex. G.

Four days after Judge Shannon denied Mr. Graves' motion, Plaintiff filed this action against First Motor. D.I. 22–2, Ex. B at 1. Under the heading "Facts Common to All Causes of Action," May's complaint reads as follows:

> 13. Subsequent to her purchase of the subject vehicle, in April of 2016, the subject vehicle needed to be serviced by [First Motor] when the . . . airbag module [made by Takata] needed to be replaced and reprogrammed. . . .
>
> 14. In May of 2016 Plaintiff received a letter from [MBUSA], informing her that . . . "a driver-side inflator rupture during deployment [of the Takata airbag installed in the car] could result in metal fragments striking the driver or other occupants, possibly causing serious injury or death."

4

> 15. In August 2016 Plaintiff received a second letter from [MBUSA] informing her that . . . "a passenger-side inflator rupture during deployment [of the Takata airbag installed in her car] could result in metal fragments striking the driver or other occupants, possibly causing serious injury or death."

*Id.* at ¶¶ 13–15. May alleged in her complaint two causes of action: violation of California's Consumer Legal Remedies Act and breach of implied warranty of merchantability.

On January 31, 2018, First Motor removed the case to the Central District of California pursuant to 28 U.S.C. §§ 1334 and 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure on the asserted grounds that the case was "related to" the Bankruptcy Case. On February 21, 2018, the Bankruptcy Court issued an order confirming the reorganization of Takata (the "Reorganization Plan") and extended the Takata Injunction through the later of February 27, 2018 or the Reorganization's Plan's consummation.

On February 23, 2018, United States District Judge Fernando M. Olguin of the Central District of California *sua sponte* transferred this case to this Court pursuant to 28 U.S.C. § 1412. D.I. 25–1, Ex. H at 1.[1] Judge Olguin noted in his

---

[1] Section 1412 provides that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."

5

transfer order that "[t]he removed case relates to" the Bankruptcy Case. *Id.* at 1 n.1.

On March 2, 2018, May filed the pending motion for remand and for fees and costs for improper removal. D.I. 21. Briefing on this motion was completed by the end of March 2018 (D.I. 27), and First Motor requested oral argument on March 23, 2018. D.I. 28.

In April 2018, First Motor provided notice to the Court of the Reorganization Plan's consummation and expiration of the Takata Injunction (D.I. 29) and withdrew its opposition to remanding the case to the Superior Court of California (D.I. 30). First Motor did not withdraw its opposition to May's request for attorney fees and costs. *Id.*

The case was reassigned to me on September 20, 2018. I have studied the parties' filings and do not believe that oral argument is necessary or would be helpful to me to decide the pending motion.

## II. DISCUSSION

Section 1447(c) provides in relevant part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." An award of costs and attorney fees, however, may be given "only where the removing party lacked an objectively reasonable

basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005); *see also S. Annville Twp. v. Kovarik*, 651 F. App'x 127, 130 (3d Cir. 2016).

I find that First Motor did not lack an objectively reasonable basis for seeking removal for three reasons. First, I find it persuasive that Judge Olguin ruled *sua sponte* that this case is "related to" the Bankruptcy Case. Putting aside whether Judge Olguin's ruling constitutes the "law of the case," *see In re Winstar Commun'ns, Inc.*, 435 B.R. 33, 39–42 (Bankr. Del. 2010), or even whether it was correct, the ruling demonstrates, in my view, that First Motor was not objectively unreasonable in removing the case on "related-to jurisdiction" grounds.

Second, May filed this case — and First Motor removed it — *after* Judge Shannon expressly rejected, in denying Mr. Graves' motion, the very argument on which May's motion is based — i.e., that an action against a car dealership (as opposed to OEMs such as MBUSA) is not covered by the Takata Injunction. *See* D.I. 25, Ex. F at 12:24–13:19; *see also id.* Ex. G. Again, putting aside whether Judge Shannon was correct in ruling that an action brought against a retailer of vehicles with Takata airbags was "related to" the Bankruptcy Case, the facts that (1) he was the judge who issued the Takata Injunction that enjoined lawsuits "related to" the Bankruptcy Case and (2) he denied Mr. Graves' motion before First Motor filed its removal notice make the filing of that notice objectively reasonable.

Third, under *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995), this case is "related to" the Bankruptcy Case. In *Pacor*, the Third Circuit held that "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and *which in any way impacts upon the handling and administration of the bankrupt estate*." *Id.* at 994 (emphasis added). "[T]he proceeding need not necessarily be against the debtor or against the debtor's property." *Id.* May's complaint makes clear that this case could have impacted the Bankruptcy Case. She alleges in her complaint as "facts common to [her] causes of action" that her Takata airbag needed to be replaced and that MBUSA notified her in 2016 that the Takata airbags were defective. *See* D.I. 22–2, Ex. B at 1–4. It is obvious from those allegations that First Motor could have third-party claims against MBUSA and, either directly or indirectly, additional claims against Takata that could have impacted the handling and administration of the Bankruptcy Case.

### III. CONCLUSION

For the foregoing reasons, I will grant in part and deny in part Plaintiff's Motion to Remand and for Fees and Costs for Improper Removal (D.I. 21). I will grant May's request to remand the case to the Superior Court of California and deny May's request for costs and attorney fees.

The Court will enter an order consistent with this Memorandum Opinion.